[Civ. No. 3508.   Fourth Dist.   Feb. 20, 1947.]

S. E. WALTERS et al., Appellants, v. MORGAN A.
STIVERS et al., Respondents.

McFadzean & Crowe for Appellants.

Jas. R. McBride and McBride & Moore for Respondents.

BARNARD, P. J.—These actions, which were consolidated for trial and on this appeal, arose out of two written contracts of employment. The defendants are brothers and the two plaintiffs are father and son.

In the summer of 1943, the defendants, who were building contractors at Long Beach, acquired a considerable acreage of orange groves in Tulare County and also acquired a packing house near Lindsay. It was planned that Morgan A. Stivers would continue the building business at Long Beach and that Raymond K. Stivers, the younger brother, would look after the orange business.

On September 22, 1943, the defendants employed S. E. Walters as manager of this packing house. He had had about twenty-five years' experience in the citrus business, including some eleven years as a packing house manager. The contract fixed his compensation as manager and provided that it should continue for a term of three years, with an additional two years at his option. The portion of the written contract of employment which is material here reads as follows:

"The second party agrees to manage the employers packing house to the best of his ability and to work for what he deems to be the best interests of his employers, to hire available help necessary to properly conduct the operation of the packing plant, set the pay for same and to discharge any one whom he considers is not working for the best interests of all concerned.

"The employer agrees to provide funds promptly on regular pay days to meet the payroll of the plant or to pay off any dismissals.

"He will order supplies for the plant's operation and supervise the accounting for same as well as the records of fruit through the house, in short, he will operate the plant to the best of his ability in the customary manner for a packing house manager."

On the same day the defendants entered into a written contract with Delmar E. Walters, who had had considerable experience in the packing house business, employing him for the same term, with the same option, as assistant manager

and house foreman for this packing house. The contract fixed his salary and, so far as material here, also provided as follows:

"The party of the second part will be under the direction of the house manager and act in his capacity during the manager's absence, also assist him to the best of his ability and experience in the conduct of the operations of this plant."

Shortly after these contracts were signed the plaintiffs entered upon their duties thereunder. At first, these duties consisted largely of getting things ready to receive the crop of navel oranges, the packing of which was expected to begin in November. This included overseeing certain alteration and construction work which was carried on during this period by an outside contractor, and which was not com-pleted for a week or so after the packing of oranges began. The actual packing of oranges began on November 19, 1943, and about three weeks later, on December 11, 1943, the defendants served written notices on the plaintiffs terminating their respective employment "because of your unwillingness or inability to perform your obligations or discharge the duties according to your agreement."

These actions were then brought to recover the compensation named in the agreements for the remainder of the term provided for. No question was raised as to compensation up to December 11, 1943. The complaints alleged the willingness and ability of the respective plaintiffs to perform. The answers admitted the making of the contracts and the discharge of the plaintiffs. It was denied that the plaintiffs kept or performed their obligations under the contracts, and various matters were alleged in justification of the discharge of the plaintiffs.

The court found in favor of the defendants in each case. In the first case, it was found that it is not true that S. E. Walters fully or faithfully kept or performed his agreements as set forth in this contract, but that he had failed to keep or perform his agreement and had breached and made default therein in certain respects. It was then found that, while he was obligated by the contract to discharge the duties of packing house manager in a competent manner and to exercise a reasonable degree of skill, knowledge and ability in that service, that he did not possess and did not exercise such reasonable degree of competence, skill, knowledge or ability in managing this packing house in that (1) certain

large sums of money belonging to the defendants were handled by him in an imprudent, careless and wasteful manner; (2) that he failed to keep accurate accounts or records of the money so handled by him and did not possess or exercise competence or ability in the finding and procurement of materials and supplies necessary for the operation of the business; (3) that he did not possess or exercise such competence or ability in the sale or disposition of low-grade fruit; (4) that he did not possess or exercise such competence or ability in connection with the acceptance of or handling of profitable business; and (5) that he did not possess or exercise such competence or ability in obtaining or maintaining the efficient operation of the packing house. It was then found that in his management of this packing house he persistently pursued such a course of conduct toward the defendants and the customers of the packing house as to bring the defendants into disrepute, and to render them objects of ridicule and contempt; that he failed and refused to obey and comply with the reasonable orders and instructions of the defendants and was defiant, insubordinate and contemptuous toward them; and that he had failed to render an account of the monies expended by him when requested so to do. Other findings were made which need not be considered in view of our conclusion on the main issues raised. Similar findings were made in the other case with the exception of certain things which were not within the line of duty of the plaintiff Delmar E. Walters.

A judgment was entered in each case in favor of the defendants therein and the respective plaintiffs have appealed.

The appellants contend that even on the theory which was adopted by the trial court, that they were required to exercise a reasonable degree of skill, knowledge, ability and competence in these employments, the evidence is not sufficient to sustain the court's findings in this regard. It is argued that they were operating under difficulties in that this was an old packing house with antiquated equipment; that the remodeling and repairs extended into their packing season; that they were delayed by maturity tests of the fruit and the lack of sufficient picking boxes; that they were unable to obtain sufficient or experienced help; that they were annoyed by an employer who countermanded their orders; and that they were required to please a third party who was

financing the respondents in these operations. It is then argued that their ability and successful operation of this business is fully shown by the fact that, in spite of the difficulties under which they were laboring, they packed and shipped before November 27, the date when prorate regulations went into effect, a larger percentage of their fruit than was picked or shipped by the average of all other packing houses in that district; and that by December 11, 1943, the date of their discharge, they had packed a larger percentage of their entire volume for the year than was packed by the average of all other packing houses in the district. It was further argued that the only reason which appears in the evidence, for the discharge of the appellants, is that the respondents had then succeeded in getting their packing house into successful operation through the efforts and abilities of the appellants, and felt that they could then continue its operation with less expensive help.

We can find no evidence in the record which would reasonably sustain the latter contention. The evidence, as a whole, strongly indicates that the conditions in this packing house were far from satisfactory at the time the appellants were discharged; that the relations between the appellants and the respondent Raymond K. Stivers, who was in charge of the business for the employers, were more than strained; that the appellants to a very large extent, if not entirely, were to blame for this situation; that the appellants had failed to carry out the reasonable orders of the respondents or to reasonably cooperate with them; and that the appellants were discharged because of a situation which could not reasonably be expected to be allowed to continue, and not because of any desire or with any purpose of operating with cheaper help.

The mere fact that larger percentages of fruit had been packed and shipped at certain dates, in proportion to the output for the season, than had been packed and shipped on the average in other packing houses is neither controlling nor too significant. In a new enterprise with a smaller total business the amount handled in the first few weeks might well be larger proportionately, as compared to other older and larger businesses.

With respect to the claimed difficulties under which the appellants were operating the most that can be said is that the evidence is conflicting. While these matters were arguable in the trial court they failed to convince the trial judge

and cannot be controlling here. There was considerable evidence, much of it from experienced packing house men, indicating that conditions in this packing house were far from what they should be, that there was very serious neglect in the way the business was managed, and that there was ill feeling and lack of cooperation on the part of the appellants toward at least one of the employer defendants, that this was the fault of the appellants, and that it was interfering with the successful management of the business. We can find no evidence in the record justifying the contention that the respondents improperly interfered in the business or countermanded orders given by the appellants. In the incident most relied upon by the appellants, the so-called ''roller'' incident, the written record indicates that the appellants were entirely in the wrong and that they unreasonably took offense at a helpful act by the respondent Raymond K. Stivers during a breakdown in the machinery. In this instance, the elder appellant became angry and took the part of his son, who was in the wrong, and after calling this respondent a name told him to ''get to hell out of there,'' grabbed him and tried to shove him out of the building.

It would serve no useful purpose to review all of the evidence, which is quite lengthy. It is sufficient to say that in spite of the many conflicts the evidence, as a whole, strongly supports most of the particular findings made by the court and above referred to, and we think it may be added that the others of these findings are sufficiently supported. There was evidence of neglect in the management of this business, of waste, of overemployment of help, of lack of direction and efficient use of the help, of lack of cooperation, of neglect or refusal to obey proper instructions, of confusion, congestion and lack of orderliness in carrying on the operations of the packing house, of calling the respondents names, of insulting behavior towards them in the presence of customers, of telling employees that they need pay no attention to directions of Raymond K. Stivers who was in charge for the employers, of overdrawing the bank account by more than $5,000 on two occasions, of refusing to give information as to the financial condition of the business, of refusing to give other information, and of refusal or neglect to handle business that was offered. While the appellants offered, and here argue, some explanation of most or all of these matters the question was

one of fact for the trial court. Not only was there some evidence to sustain the controlling findings, but a reading of the written record gives a distinct impression that there was actual mismanagement in many important respects, and that the appellants failed to justify themselves or to satisfactorily explain the evidence produced as to their shortcomings.

The appellants further contend that, in spite of these findings and any evidence in support thereof, no breach of their contract appears because it is provided therein that each appellant was only required to perform the duties of his employment to the best of his ability, and that they are entitled to recover no matter how little ability they had. It is argued that each appellant testified that he had performed his duties to the best of his ability and that there is no evidence in the record to the contrary. There is evidence that these appellants had had long experience in this kind of work, and the evidence justifies the inference that they knew how this work should be performed and that they had the ability to perform it properly. It sufficiently appears that they were hired for this work because of their previous experience. Under these circumstances, we cannot accept appellants' construction of this contract to the effect that it was intended thereby to provide that the appellants might use less than ordinary ability in carrying out the work for which they were employed. This argument, if accepted, would lead to an absurdity. Under the circumstances, the provisions that the work should be done to the best of their ability would seem to indicate an intention that they should bring to, and devote to, the business the ability suggested by their previous experience in this line of work. If anything, it seems to connote that more, rather than less, than average ability was contemplated by the parties. The evidence not only indicates that the appellants had a better knowledge of and ability to perform this work than was exercised by them, but that a wrong impression of their power and position, with an animosity toward at least the respondent who was in charge of the work, seriously interfered with the operation of the business and prevented the exercise of their best ability in carrying on the work and in serving the best interests of their employers. The evidence would support a finding that the appellants did not perform their obligations under the contract to the best of their ability. While the court did not make a finding directly to that effect it did find, in the case of each appellant, that it is not true

that he fully or faithfully kept or performed the promises or agreements contained in his contract and by him to be kept or performed. In our opinion, both the findings and the evidence are sufficient to support the judgment.

The judgments are affirmed.

Marks, J., and Griffin, J., concurred.